O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNA SILVA, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CITY OF EL MONTE POLICE DEPARTMENT, et al.,<br><br>                    Defendants. | Case No. 2:21-CV-00197-MEMF(PDx)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [ECF NO. 88]** |

   Before the Court is Plaintiff Jovanna Silva's Motion for Leave to File a First Amended Complaint. ECF No. 88. On August 1, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing set for August 4, 2022. ECF No. 95; *see* C.D. CAL. L.R. 7-15. For the reasons set forth below, the Court GRANTS the Motion for Leave to File a First Amended Complaint.

/ / /

/ / /

1

I.  **Background**

  A. Factual Background[1]

Plaintiff Jovanna Silva ("Silva") is an individual residing in the County of Los Angeles. Compl. ¶ 5. At the time of the incidents at issue, Silva was a 59-year-old Latina transgender woman and had lived for approximately thirty years in her female identity. *Id.*

On the evening of January 10, 2019, officers of the City of El Monte Police Department ("EMPD") directed and supervised a sting operation targeted against the transgender community based upon sexual identity-based profiling. *Id.* ¶ 14. The sting operation took place at Silva's home located at 11208 Garvey Ave. #3, El Monte, CA 91732. *Id.* ¶ 16. At the time, Silva was home alone and preparing to go to bed. *Id.* Detective Rene Flores ("Flores") was dressed in plain clothes and equipped with a wire to broadcast audio around him when he was sent to Silva's door to entrap Silva into agreeing to committing a sexual act with him for money. *Id.* ¶ 17. Flores was instructed by the EMPD to initiate contact with Silva in her home to lure her into a sexual act in exchange for money so that Silva could subsequently be arrested for prostitution. *Id.* Once the EMPD believed that Silva had solicited prostitution, EMPD officers rushed in from their adjacent location to effect the arrest of Silva. *Id.* ¶ 20. Guns drawn, the officers suddenly appeared in the dark and poorly lit area outside of Silva's home and yelled at Silva in English, despite knowing that Silva only spoke and understood Spanish. *Id.* ¶ 21.

Without identifying themselves as law enforcement, the officers forced open her door, entered her home, and forcibly threw her onto the floor. *Id.* ¶ 23. Silva fell forcefully onto the floor chest-down, causing her pain and injury to her breasts. *Id.* Once Silva had been thrown onto the ground and pinned down, a number of officers kicked and punched Silva multiple times for no reason in her face and upper torso without limitation. *Id.* ¶ 24. Silva was subsequently arrested and charged for agreeing to receive compensation for prostitution and resisting arrest. *Id.* ¶ 28.

Following the arrest, EMPD threatened her landlord, Jackson Chow ("Chow"), with criminal prosecution unless Chow took immediate action to evict Silva from her home. *Id.* ¶ 31. EMPD sent a letter to Chow directing him to immediately commence eviction for what the letter falsely stated

---

[1] Plaintiff Jovanna Silva sets forth the following factual allegations in her Complaint. ECF No. 1 ("Compl.").

were "confirmed" violations. *Id.* On or about January 25, 2019, Silva received an unlawful "Three Day Notice" from Chow requiring that she vacate by January 28, 2019. *Id.* ¶ 32. Chow sent this "Three Day Notice" despite the fact that Silva had paid full rent for the month of January. *Id.* Silva was evicted and forced to leave her home without her consent. *Id.* ¶ 33. Silva became homeless on or about January 28, 2019. *Id.*

### B. Procedural History

On January 8, 2021, Silva filed this action against EMPD, Police Chief David R. Reynoso, Detective Jacob Burse, Sergeant Mark Snook, Detective Rene Flores, Detective Andrew Avila, Detective Roger Sardina, Detective Clayton Duran, the City of El Monte (collectively, the "El Monte Defendants"), and Chow (collectively, the "Defendants"), alleging causes of action for: (1) unreasonable search and seizure, 42 U.S.C. § 1983; (2) excessive force, 42 U.S.C. § 1983; (3) municipal liability for unconstitutional custom, practice, or policy, 42 U.S.C. § 1983; (4) municipal liability for failure to train, 42 U.S.C. § 1983; (5) violation of substantive due process and deprivation of property, 42 U.S.C. § 1983; (6) wrongful eviction; (7) protected characteristics discrimination, 42 U.S.C. §§ 1983, 2000(d); and (8) violation of the Unruh Civil Right Act, Cal. Civ. Code §§ 51, 52. *See generally* Compl.

On February 14, 2022, this case was reassigned by Chief Judge Philip S. Gutierrez to this Court. ECF No. 80. On May 31, 2022, this Court issued a Civil Trial Order setting the schedule of discovery, pretrial, and trial dates. ECF No. 87. The last date to hear a motion to amend the pleadings or add parties was set for July 21, 2022. *Id.*

On or about February 2022, Silva's counsel met and conferred with Defendants' counsel regarding proposed amendments to the Complaint. ECF No. 88, Declaration of Carlos A. Hernandez ("Hernandez Decl."), ¶ 2; *see also id.*, Ex. A. On June 23, 2022, Silva filed the instant Motion to File a First Amended Complaint ("Mot."), set for hearing on July 21, 2022. ECF No. 88. On its own motion, the Court continued the hearing date to August 4, 2022. ECF No. 90. The Motion was fully briefed on July 25, 2022. ECF No. 92 ("Opp'n"), ECF No. 93 ("Reply"). On August 1, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing set for August 4, 2022. ECF No. 95.

## II. **Applicable Law**

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has held that amendments should be granted with "extreme liberality" in order to "facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the burden of persuading the court that leave should not be granted rests with the nonmoving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

There are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) prejudice to the opposing party; and (5) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

The most important of these factors is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden is on the party opposing amendment to show prejudice. *DCD Programs*, 833 F.2d at 187. Absent a showing of prejudice or a strong showing of the remaining factors, a presumption exists in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052.

## III. **Discussion**

Silva requests that in light of the recent January 2022 amendment to the Bane Act, CAL. CIV. CODE § 52.1, Silva should be granted leave to amend her Complaint. Silva argues that the filing of a first amended complaint should be permitted because: (1) there was no undue delay; (2) there was no bad faith or motive; (3) there have been no prior amendments; (4) there is no undue prejudice to Defendants; and (5) amendment would not be futile. Mot. at 8–10. Defendants respond that the Motion should be denied because: (1) Silva unduly delayed in bringing her Bane Act claim; (2) Silva failed to comply with the California Torts Claim Act; (3) her Bane Act claim is legally and factually futile; and (4) Silva failed to meet and confer on the amendments concerning factual allegations. Opp'n at 3–6.

/ / /

/ / /

**A. The Court finds that the absence of bad faith, undue delay, prejudice to Defendants, and prior attempts to amend the complaint all weigh in favor of allowing the addition of Silva's Bane Act claim.**

The Court looks to the *Loehr* factors to determine whether Silva's request for leave to amend should be granted. First, Defendants do not argue that Silva has filed this amendment in bad faith, nor that Silva has made improper attempts to amend, nor that there is any risk of prejudice. As such, the Court finds that these three factors weigh in favor of permitting amendment.

Next, the Court considers whether there is any undue delay. Defendants argue that Silva unduly delayed in bringing her excessive force allegations associated with her Bane Act claim since she was aware of such claims when she initially filed suit. Opp'n at 5. While the Court acknowledges that Silva was aware of these allegations at the time of filing, the Court finds that Silva has sufficiently demonstrated why amendment is necessary at this time, in light of the January 2022 amendment to the Bane Act. *See* CAL. CIV. CODE § 52.1(n). Based upon this statutory amendment, revoking state immunity for claims brought against public entities, Silva seeks to amend her complaint to add a claim for violation of the Bane Act. Under this cause of action, she would be permitted to recover civil penalties and actual damages.

Given that this amendment just came into effect in January 2022, the Court finds that, contrary to Defendants' assertion, Silva could not have known to include this additional claim at the time of the original filing. Finally, given that Silva only seeks to add an additional claim that contains factual allegations already contained in her initial complaint, the Court finds little risk of prejudice to Defendants.

**B. Silva's failure to comply with the California Tort Claims Act may not be fatal to her Bane Act claim.**

Under the California Tort Claims Act, CAL. GOV. CODE §§ 810, *et seq.*, a plaintiff is required to present her claim to a public entity before she may file an action for damages against a California governmental entity or employee "for death or for injury to person or to personal property." CAL. GOV. CODE § 911.2; *see also* CAL. GOV. CODE §§ 905.2, 911.2, 945.4, 950.2. Here, Defendants argue that Silva is barred from bringing her Bane Act claim against the El Monte Defendants since she did not file a government claim with the City of El Monte. Opp'n at 3.

Having considered that Silva did not have a viable Bane Act claim at the time of filing—prior to the January 2022 amendment—the Court finds Silva's failure to file an administrative claim with the City of El Monte may be reasonable under the circumstances, and may not be fatal. It appears to the Court that because Silva could not have foreseen that a Bane Act claim would no longer be barred by prosecutorial immunity, it is possible that she could not have been expected to include this claim at the time of filing and comply with the requisite administrative procedures. As such, Silva's failure to comply with the California Tort Claims Act might not be fatal to her Bane Act claim. Defendants have not cited to any authority governing this situation—namely an intervening change in law after the deadline for claims presentation. Accordingly, this Court declines the invitation to rule on this issue at this time. As appropriate, Defendants can raise this argument on a motion to dismiss and the Court will have the benefit of more fulsome briefing on this question.

### C. The Court finds that amendment is not futile.

The Court considers the last *Loehr* factor, which the parties dispute: whether amendment is futile. Defendants argue that Silva's Bane Act claim is futile because the proposed First Amended Complaint alleges that the eviction proceedings were solely initiated by Chow and thereby not attributable to the El Monte Defendants. Opp'n at 4.

The Court finds that Silva has sufficiently alleged that the El Monte Defendants' conduct contributed to her eviction. Silva alleges that had El Monte Defendants not used threats, intimidation, and/or coercion described below, Silva would not have suffered constitutional violations that deprived her of her right to property.

> 110. EL MONTE DEFENDANTS, and each of them, including DOES 1 through 50, also caused PLAINTIFF to be deprived of, without limitation, her Fifth and Fourteenth Amendment right to live in her own home and caused her to become homeless by way of threats, intimidation, and/or coercion. Without limitation, EL MONTE DEFENDANTS threatened her landlord JACKSON CHOW with criminal prosecution unless JACKSON CHOW took immediate action to evict PLAINTIFF from her home. On said date, EL MONTE DEFENDANTS, and each of them, sent a letter to PLAINTIFF'S landlord JACKSON CHOW for what the letter alleged were violations of various codes, including Penal Code § 647(b) – Prostitution. PLAINTIFF'S landlord, JACKSON CHOW, was directed by DEFENDANTS to immediately commence eviction actions for what the letter falsely stated were "confirmed" violations. PLAINTIFF'S landlord, JACKSON CHOW, was to immediately commence eviction actions against PLAINTIFF under threat of being charged with a misdemeanor and monetary and punitive ramifications for failure to comply.

111. Without limitation, as a result of EL MONTE DEFENDANTS' wrongful actions, on or about January 25, 2019, PLAINTIFF received an unlawful Three Day Notice from her landlord, JACKSON CHOW, requiring that she vacate her home in 3 days, by January 28, 2019 based upon the threats, intimidations, and/or coercion in EL MONTE DEFENDANTS' letter.

112. Under the unlawful threats and actions made by DEFENDANTS, on or about January 28, 2019, PLAINTIFF was evicted and forced to leave her home without her consent. PLAINTIFF became homeless on or about January 28, 2019. Said eviction was unlawful, discriminatory, and in violation of PLAINTIFF'S statutory, contractual, and constitutional rights.

Hernandez Decl., Ex. C ("Proposed FAC").

In their Opposition, Defendants assert that the El Monte Defendants could not institute or maintain eviction proceedings against Silva in the absence of a contractual relationship. Opp'n at 4. However, Defendants have not identified, and the Court is not aware of, any case where the Ninth Circuit has found a privity requirement under the Bane Act. Defendants have thereby failed to establish that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). As such, the Court GRANTS Silva's request to add her Bane Act claim.

### D. The Court grants Silva's request to include additional factual allegations.

In addition to including a ninth cause of action, Silva seeks to amend her complaint by adding factual allegations, already alleged in her fifth cause of action, to her third and fourth causes of action. *See* Proposed FAC ¶¶ 58(e)–(j), 66, 68. Defendants argue that Silva should be barred from adding such amendments since Silva failed to properly meet and confer on these specific amendments prior to the filing of this Motion. Opp'n at 5–6. Silva concedes "that the subject of meet and confer efforts was focused on amending her operative complaint to add a Bane Act cause of action" and not these additional factual allegations. Reply at 6.

Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. While the Court acknowledges Silva's failure to discuss these specific amendments during the meet and confer—considering the strong presumption in favor of amendment—counsel's discussion of Silva's related Bane Act claim should

have been sufficient to put Defendants on notice of these factual allegations.[2] Furthermore, the fact that there is a possibility that Silva could state a cognizable property-related claim under her third and fourth causes of action justifies granting amendment. *See* Hernandez Decl., Ex. A at 17. Finally, given that Silva only seeks to add factual allegations Defendants that are already covered by her fifth cause of action, the Court finds little risk of prejudice to Defendants. As such, the Court GRANTS Silva's request to add the proposed factual allegations to the third and fourth causes of action.

## IV. CONCLUSION

In light of the foregoing reasons, the Court ORDERS the Motion for Leave to File a First Amended Complaint be GRANTED. Silva is ORDERED to file her First Amended Complaint within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

Dated: August 4, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[2] The granting of this motion should not leave Silva with the view that the Court does not take seriously the requirements of Local Rule 7-3. Compliance with this Rule requires parties to meet and confer regarding *all* matters that are subject to a motion, not just some. Silva is sternly admonished that the Court will look unfavorably upon any future violations of this Local Rule.